IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERAL DURANT HENDERSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-01300-B (BT) |
| | § | |
| BANK OF TEXAS, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jeral Durant Henderson initiated this *pro se* civil action on June 9, 2023, when he filed a complaint and a motion for leave to proceed *in forma pauperis*. The financial affidavit included in the motion for leave to proceed *in forma pauperis* was not properly completed. Many sections of the financial affidavit were blank, such as the assets, monthly expenses, and the amount of money Henderson holds at any financial institution. The Court attempted to screen his complaint, but it failed to comply with Federal Rule of Civil Procedure 8(a), which requires a short and plain statement of the claims showing plaintiff is entitled to relief. The Court sent Henderson a Notice of Deficiency and Order (ECF No. 6) that ordered him to file a complaint in compliance with Rule 8(a) and to correct his financial affidavit. The Order further informed Henderson that failure to respond and cure the deficiencies by July 13 could result in a recommendation that his case be dismissed. Henderson has not filed any response, an amended complaint, or

1

otherwise complied with the Court's June 13 Order. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Henderson did not respond to the Notice of Deficiency and Order; nor did he file a complaint that complies with Rule 8(a) or a corrected financial affidavit. He has thus failed to comply with the Court's order. The Court cannot discern Henderson's claims as he has presented them. Henderson has named the "Bank of Texas" as a defendant. On his complaint, which is filed on the court-approved form, he has handwritten what appears to be one sentence, at most, but the words are not all legible. Henderson has attached a typed document that covers sixteen pages, but it is nonsensical.

For instance, the typed document includes the picture of playground equipment. Compl. 14 (ECF No. 3). Henderson alleges that "[t]he Judges" have "failed A.G. Railroad Police Department." Then, toward the end of the typed document he asks, "Are Beyonce and Jay Z Ending their Marriage this 2023?" *Id.* at 16. Henderson fails to provide a short and plain statement of his claim(s) showing he is entitled to relief. *See* Fed. R. C. P. 8(a)(2), (3). This litigation cannot proceed until he cures this deficiency by filing a complaint in compliance with Rule 8(a). Dismissal without prejudice is warranted under these circumstances.

On June 27, 2023, after this case was filed, the Court barred Henderson from filing future actions *in forma paupers* in this or any other federal court, without first obtaining leave of court to do so. *See Henderson, et al., v. Dart Internal Affair's, et al.*, Case No. 3:23-cv-1086-K-BK. (ECF Nos. 9, 10) (N.D. Tex.). The Court further ordered that any of Henderson's cases that are filed, removed, or transferred without the applicable filing fee, should not be reviewed by the Court. *See* (ECF Nos. 9, 10).

## Recommendation

The Court should dismiss Henderson's complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

3

Signed July 14, 2023.

                              REBECCA RUTHERFORD
                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

4